UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARSHALL WATSON III,

    Plaintiff,

v.                                 Case No.:  2:23-cv-1126-SPC-KCD

STATE OF FLORIDA, F.C.C.C.,
GEO GROUP, WELL PATH,
RECOVERY SOLUTIONS and
DEPT. CHILDREN & FAMILIES,

    Defendants.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff Marshall Watson III's Civil Rights Complaint (Doc. 1). Watson is an involuntarily committed resident of the Florida Civil Commitment Center (FCCC). United States Magistrate Judge Kyle Dudek granted Watson leave to proceed *in forma pauperis*, so the Court must review the complaint to determine whether it is frivolous or malicious, fails to state a claim, or seeks monetary damages from anyone immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

Watson improperly attempts to state three unrelated claims in his complaint: (1) he is not receiving adequate medical treatment for his right foot; (2) he is being falsely imprisoned at the FCCC; and (3) FCCC staff failed to protect him from another resident. Multiple claims cannot be joined together

in a single action if they did not arise out of the same transaction or occurrence. See Fed. R. Civ. P. 20(a)(2). "A plaintiff may set forth only related claims in one civil rights complaint." Rosado v. Nichols, 2:18-CV-195-JES-MRM, 2017 WL 1476255, at *6 (M.D. Fla. 2017). As the Seventh Circuit observed, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits[.]" George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Thus, Watson can only pursue one of his three claims in this action.

The Court would normally grant Watson leave to amend the complaint and allow him to choose what claim to pursue. But two of the claims are clearly meritless. The false imprisonment claim is frivolous. Watson complains that the FCCC continues to detain him after the completion of his criminal sentence. Florida law requires the involuntary commitment of sexually violent predators after their term of imprisonment if a court determines they are likely to "engage in acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment.'" Pesci v. Budz, 935 F.3d 1159, 1162 (11th Cir. 2019) (quoting Fla. Stat. §§ 394.915)). Watson's continued commitment is not unlawful merely because he completed his prison sentence.

Nor can Watson proceed on his failure-to-protect claim. Watson claims FCCC officials failed to protect him when he was stabbed on July 15, 2015.

2

"Florida's four-year statute of limitations applies to such claims of deprivation of rights under 42 U.S.C. §§ 1983 and 1985." *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003). This claim is time-barred.

Watson's medical claim is the only one that he could save with an amendment. Watson alleges the condition of his right foot has deteriorated over the last three years due to neglect and improper medical treatment. Negligence is not enough to state a § 1983 claim, but Watson might be able to plead a deliberate-indifference claim. Because Watson is a civil detainee, his claims arise under the Fourteenth Amendment rather than the Eighth Amendment. *Youngberg v. Romeo*, 457 U.S. 307, 315-316 (1982). But "the standard for providing basic human needs to those incarcerated or in detention is the same under both the Eighth and Fourteenth Amendments, and it makes no difference whether [the plaintiff] was a…detainee or a convicted prisoner because the applicable standard is the same, so decisional law involving prison inmates applies equally to cases involving…detainees." *Keith v. DeKalb Cty., Ga.*, 749 F.3d 1034, 1044 n.35 (11th Cir. 2014) (cleaned up).

In *Estelle v. Gamble*, the Supreme Court established that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." 429 U.S. 97, 104 (1976). But not every claim of inadequate medical treatment gives rise to an Eighth Amendment violation. *Id.* at 105. Negligence in diagnosis or

3

treatment—even if it constitutes medical malpractice—does not necessarily violate the constitution. *Id.* at 106. "To prevail on a claim of deliberate indifference to serious medical need in violation of the Fourteenth Amendment, a plaintiff must show: '(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Youmans v. Gagnon*, 626 F.3d 557, 563 (11th Cir.2010) (quoting *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009)).

Watson's complaint alleges mere negligence. If Watson believes he can state a claim for deliberate indifference, he may file an amended complaint. But he must sue the individual doctors and nurses who were deliberately indifferent to his medical need. It does not appear Watson has a direct claim against the entities he named in his complaint, and those defendants cannot be held vicariously liable under § 1983 for the acts of their employees. *See Keith v. Dekalb Cnty., Ga.*, 749 F.3d 1034, 1047 (11th Cir. 2014). Also, an amended complaint must comply with Federal Rule of Civil Procedure 10, which requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

To summarize, the Court will dismiss Watson's complaint because it does not state a claim. Watson may file an amended complaint against any

4

individual officials who were deliberately indifferent to his serious medical need.  The amended complaint must comply with Rule 10.

Accordingly, it is now

**ORDERED:**

Plaintiff Marshall Watson III's Civil Rights Complaint (Doc. 1) is **DISMISSED without prejudice**.  Watson may file an amended complaint by **January 5, 2024**.  **Otherwise, the Court will enter judgment and close this case without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on December 15, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record